**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-4192**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

COLIN ANTHONY BABB,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:04-cr-00326-F-1)

---

Submitted: October 21, 2008      Decided: November 7, 2008

---

Before MICHAEL, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Colin Anthony Babb appeals the district court's judgment revoking his supervised release. On appeal, Babb contends that his twenty-four month sentence is unreasonable because the court imposed the sentence based on its previous warning that it would impose the statutorily authorized maximum term if Babb committed additional violations of the conditions of his supervised release during a hearing on a prior revocation motion. Therefore, he argues that the court failed to "make an individualized assessment based on the facts presented." We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). Although the district court must consider the Chapter Seven policy statements and the requirements of 18 U.S.C.A. §§ 3553(a), 3583 (West 2000 & Supp. 2008), "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted).

Our review of the record leads us to conclude that the district court sufficiently considered the Chapter Seven policy statements and the relevant statutory factors, and adequately articulated its basis for imposing the maximum authorized term of

2

imprisonment. <u>Crudup</u>, 461 F.3d at 438-40. The court specifically addressed Babb's violations, his failure to obtain lawful employment and failure to report his arrest. The court expressed concern about Babb's continued violations despite its prior leniency and explicitly asked for and considered Babb's explanation for the violations. These facts demonstrate that, contrary to Babb's claim, the sentence imposed was based on Babb's history, characteristics, and his specific violations.

Accordingly, we affirm the district court's judgment revoking Babb's supervised release and imposing a twenty-four month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3